IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EVENT NEWS NETWORK, INC. and RICHARD LYNAM, Plaintiffs, | No. 05 C 2972 Suzanne B. Conlon, Judge |
| v. ROBERT THILL, THILL MEDIA, LLC, ASCEND MEDIA, LLC, AND MARCIA BOWMAN, Defendants. | |

## MEMORANDUM OPINION AND ORDER

Event News Network ("ENN") and Richard Lynam (collectively "plaintiffs") seek injunctive relief and damages against Robert Thill, Thill Media, LLC ("Thill Media"), Ascend Media, LLC, ("Ascend"), and Marcia Bowman (collectively "defendants"). Plaintiffs sue defendants under the Lanham Act, 15 U.S.C. 1125(a) *et seq.* and Illinois state law for trademark infringement, trademark dilution, unfair competition, trade disparagement, conversion, deceptive practices, breach of fiduciary duties, tortious interference with contract, misappropriation, and violation of duties of loyalty and good faith. Defendants move to dismiss the action for improper venue. Alternatively, Thill, Thill Media, and Bowman move to transfer venue to the Western District of Missouri. Ascend moves to transfer venue to the District of Kansas.

## BACKGROUND

ENN is an Illinois corporation with its principal place of business in Barrington, Illinois. Amended Compl. at ¶ 3. ENN develops and produces video presentations and programs for its clients, mainly medical associations, for viewing at conventions and trade shows. *Id.* Lynam, a

Wisconsin resident, is ENN's president and majority shareholder. *Id.* at ¶ 4. Thill resides in Missouri and is the minority stockholder in ENN. *Id.* at ¶ 10. Marcia Bowman, a New Jersey resident, was employed by ENN as an independent producer on a project by project basis. *Id.* at ¶¶ 7, 12. Ascend is a Delaware limited liability company with its office in Overland Park, Kansas. *Id.* at ¶ 6. Ascend produces print materials for professional conferences and sells sponsorships for print and video materials distributed at such conferences. *Id.* Thill Media is a Missouri limited liability company with its office in Kansas City, Missouri. *Id.*

Lynam and Thill organized ENN as an Illinois corporation in August 1998. *Id.* at ¶ 11. Upon forming ENN, Lynam and Thill executed a cross-purchase agreement with a lifetime right of first refusal, which provides for the purchase of either shareholder's shares in the event of termination of employment. *Id.* at ¶ 11. The agreement states it shall be governed and construed in accordance with Illinois law. *Id.* at Ex. A, ¶ 16. Thill resigned from ENN on December 22, 2004. *Id.* at ¶ 15. Following Thill's resignation, Lynam sought to purchase Thill's shares in ENN pursuant to the cross-purchase agreement. *Id.* at ¶ 17. Thill disputes whether the cross-purchase agreement applies in the event of resignation and refuses to sell his shares pursuant to its terms. *Id.*

From 1998 to 2004, Thill was ENN's corporate secretary, vice president and a director, managing and maintaining ENN's offices in Kansas City, Missouri. *Id.* at ¶ 10. ENN's production facilities, master recordings, and event video source recordings were located at its Kansas City offices. *Id.* Plaintiffs contend that while Thill was an employee and officer of ENN, he began to compete with ENN and to divert business for his own benefit. *Id.* at ¶ 13. Specifically, Thill and Bowman excluded other ENN employees from participating in projects by setting up secluded rooms and producing shows for their own benefit. *Id.* After Thill resigned, ENN closed its offices in

2

Kansas City, Missouri and demanded return of its property located in the offices. *Id.* Thill allegedly failed to return the property or allow ENN access to the offices until May 2005. *Id.*

In February 2005, Thill organized and registered Thill Media under Missouri law. *Id.* at ¶ 14. Plaintiffs allege that defendants have misrepresented ENN's relationship with Thill Media to clients. *Id.* at ¶ 18. Specifically, defendants have stated Thill Media was the creator of ENN's products and services, ENN's reputation and trade identity was Thill and Thill Media's reputation, and ENN approves of Thill and Thill Media's activities. *Id.* Plaintiffs contend that Thill continues to hold himself out as an agent of ENN. *Id.* at ¶ 20. Plaintiffs assert that Ascend Media, LLC has acted in concert with Thill to contact ENN's sponsors and inform them that Thill Media was the source of ENN's products and services and that Thill Media is the successor to ENN. *Id.* at ¶ 20.

Plaintiffs further allege that defendants have solicited and misled ENN's clients, including clients in Illinois. *Id.* at ¶¶ 21-25. Specifically, defendants inform plaintiffs' clients that ENN is having difficulties and can no longer provide services. *Id.* at ¶ 21. During 2005, the American Heart Association ("AHA") and the American Academy of Family Physicians ("AAFP") stopped using ENN's services and hired Thill Media, allegedly as result of these misrepresentations. *Id.* at ¶ 16. Plaintiffs also allege defendants have copied or otherwise misappropriated ENN video source and master recordings in order to compete with ENN. *Id.* at ¶¶ 26-28.

## DISCUSSION

### A. Motion to Dismiss

In resolving a motion to dismiss for improper venue, plaintiffs bear the burden of establishing that venue is proper. *Spank! Music and Sound Design, Inc. v. Hanke*, No. 04 C 6760, 2005 WL 300390, at *4 (N.D. Ill. Feb. 7, 2005). Factual conflicts must be resolved in plaintiffs' favor. *ABN*

*Amro Sage Corp. v. Cohen*, No. 03 C 3556, 2003 U.S. Dist. LEXIS 15390, at *13 (N.D. Ill. Sept. 2, 2003).

Plaintiffs allege venue is appropriate under 28 U.S.C. § 1391(b)(2). When, as here, jurisdiction is not founded solely on diversity of citizenship, an action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2).[1] Plaintiffs contend that venue is proper under § 1391(b)(2) because some of the events or omissions on which they base claims occurred in Illinois. Plaintiffs assert that defendants improperly solicited plaintiffs' clients in Illinois. ENN is an Illinois corporation with its principal place of business in Barrington, Illinois. Thus, plaintiffs allege, ENN's reputation is affected in Illinois. The cross-purchase agreement, that Thill allegedly violates, provides that Illinois law governs any dispute over the agreement. Amended Compl. at Ex. A, ¶ 16.

Defendants move to dismiss this case for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). Defendants contend that the claims against them are centered on alleged acts and omissions that took place in Kansas and Missouri, not Illinois. Because the substantial portion of activities occurred elsewhere, defendants conclude venue in Illinois is improper. Defendants argue that any alleged improper communications with ENN's clients originated from Kansas or Missouri. The property that defendants allegedly misappropriate and wrongfully retain is located in Missouri. Defendants also argue that plaintiffs' statements that defendants contacted and misled ENN's clients

---

[1] Plaintiffs apparently concede that 1391(c) is not applicable by failing to address the issue in their response.

4

in Illinois are insufficient to meet their burden because they fail to satisfy the heightened requirement that fraud claims be plead with particularity. Fed. R. Civ. P. 9(b).

Plaintiffs' allegations comport with Rule 9(b). The allegations provide defendants with fair notice of the fraud claimed and evidence a reasonable belief that their claims have merit. *Decor Grates, Inc. v. Fararo, et al.*, No. 92 C 6395, 1995 WL 548571, at *7 (N.D. Ill. Sept. 12, 1995); *B. Sanfield, Inc. v. Finlay Fine Jewelry Corp.*, No. 93 C 20149, 1993 WL 515859, at *3 (N.D. Ill. Dec. 13, 1993). With respect to clients located in Illinois, plaintiffs satisfy the heightened requirements of Rule 9(b). Plaintiffs allege who made the misrepresentations, what the misrepresentations were, and to whom they were made. Amended Compl. at ¶¶ 21-25. Although plaintiffs do not allege when and where the misrepresentations were made, these facts fall within the exception to Rule 9(b) because they are inaccessible to plaintiffs and arguably within defendants' knowledge. *B. Sanfield, Inc.*, 1993 WL 515859, at *3.

A substantial part of events can occur in more than one place; venue may be proper in more than one district. *TruServ Corp. v. Neff*, 6 F. Supp. 2d 790, 792 (N.D. Ill. 1998). The test is not whether most activities pertaining to the case were performed in a particular district, but whether a substantial portion of the activities giving rise to the claim occurred in the particular district. *Id.*; *RM Petroleum, Inc. v. LA Oasis, Inc.*, No. 03 C 3358, 2004 WL 406984, at *5-6 (N.D. Ill. Feb. 5, 2004). In a trademark infringement action, the events giving rise to the claim occur where the passing off of the infringing product occurs. *Halsoprodukter Labs Karnerud AB. v. Gero Vita Int'l*, No. 93 C 2129, 1993 WL 384525, at *4 (N.D. Ill. Sept. 28, 1993). Plaintiffs allege that a substantial portion of the events giving rise to this claim occurred in Illinois, including improper solicitation of three ENN clients located in the Northern District of Illinois. They allege defendants committed acts in this

5

district that led to the claimed infringement of ENN's trademark. *Habitat Wallpaper and Blinds, Inc. v. K.T. Scott Ltd. Partnership, K.T.*, 807 F.Supp. 407, 474 (N.D. Ill. 1992). Therefore, venue is proper in the Northern District of Illinois.

**B. Transfer of Venue**

Defendants' motion to dismiss for improper venue must be denied. Therefore, their alternative motion to transfer this case to the Western District of Missouri or the District of Kansas pursuant to 28 U.S.C. § 1404(a) is appropriately considered. A court may transfer venue to any district or division where the case may have been brought for the convenience of parties and witnesses. 28 U.S.C. § 1404(a). To prevail on a motion to transfer under § 1404(a), the moving party must demonstrate: (1) venue is proper in both the transferor and transferee court; (2) transfer is for the convenience of the parties and witnesses; and (3) transfer is in the interests of justice. *Pasulka v. Sykes*, 131 F. Supp. 2d 988, 994 (N.D. Ill. 2001) (citing *TruServ Corp. v. Neff*, 6 F. Supp. 2d at 793). Venue is proper in the Northern District of Illinois and the parties do not dispute that venue would be proper in either the District of Kansas or the Western District of Missouri. Therefore, the focal point of this analysis is the convenience of the parties and witnesses and the interests of justice.

**1. Convenience of the parties**

In determining the convenience of the parties and witnesses, the court considers: (1) plaintiffs' choice of forum; (2) the situs of material events; (3) the availability of evidence in each forum; and (4) the convenience to the witnesses and parties of litigating in the respective forums. *Confederation Des Brasseries de Belgique v. Coors Brewing Co.*, No. 99 C 7526, 2000 WL 88847, at *3 (N.D. Ill. Jan. 20, 2000). Defendants, as the moving parties, bear the burden of showing that either the District of Kansas or the Western District of Missouri is clearly more convenient than this

district. *TruServ Corp.*, 6 F. Supp. at 793; *Source Services Corp. v. Technisource, Inc.*, No. 95 C 1420, 1995 WL 493499, at *2 (N.D. Ill. Aug. 9, 1995). Venue should be transferred only if there is a clear balance of inconvenience in the transferor district over the transferee district. *Tsaparikos v. Ford Motor Co.*, No. 02 C 6899, 2002 WL 31844949, at *1 (N.D. Ill. Dec. 18, 2002). "Venue may not be transferred simply to shift inconvenience from the defendant to the plaintiff." *Id.*

### a. Plaintiffs' choice of forum

Plaintiffs' choice of forum is generally given substantial weight under § 1404(a), particularly when it is plaintiffs' home forum. *See Pepsico, Inc. v. Marion Pepsi-Cola Bottling Co.*, No. 99 C 3939, 2000 WL 263973, at *8 (N.D. Ill. Mar. 6, 2000). The Northern District of Illinois is not Lynam's resident forum, but it is ENN's. Plaintiff's choice of forum is given less weight where another forum bears a stronger relationship to the dispute. *Spank! Music and Sound Design, Inc.*, 2005 WL 300390, at *5; *TruServ*, 6 F. Supp. 2d at 794 (citing *Dunn v. Soo Line R.R. Co.*, 864 F. Supp. 64, 65 (N.D. Ill. 1994) ( When "the conduct and events giving rise to the cause of action did not take place in the plaintiff's selected forum, the plaintiff's preference has minimal value")). While this case does have some connection to Illinois, as discussed below, Missouri is the situs of the majority of material events. Accordingly, plaintiffs' choice of forum is entitled to less deference.

### b. Situs of material events

Courts assessing whether to transfer intellectual property cases often focus on the activities of the alleged infringer, its employees, and its documents; therefore, the location of the infringer's place of business is often the critical and controlling consideration. *S.C. Johnson & Son. Inc. v. Buzz Off Insect Shield, LLC*, No. 05 C 1046, 2005 WL 1838512, at *2 (N.D. Ill. July, 28, 2005); *H.B. Sherman Mfg. Co. v. Rain Bird Nat'l Sales Corp.*, 979 F. Supp. 627, 630 (N.D. Ill. 1997);

*Confederation des Brasseries de Belgique*, 2000 WL 88847, at *3 ("Lanham Act cases typically focus on the activities of the alleged infringer...").

Plaintiffs contend the material events occurred in Illinois because the injury to ENN's reputation occurred there. The material events inquiry, however, focuses on the location of the actions creating the injury, not the location of the injury itself. *Spank! Music and Sound Design, Inc.*, 2005 WL 300390, at *5; *ABN Amro Sage Corp.*, 2003 22057449, at *5. Plaintiffs cite *ISI International, Inc. v. Broden, Ladner, Gervais LLP* for the proposition that when a party's business reputation is at issue, "a great deal of weight should be accorded to the location where its reputation originates." Plaintiffs' Resp. at p. 5; 256 F.3d 548 (7th Cir. 2001). Plaintiffs mischaracterize the holding of *ISI International*. *Id.* at 549. In *ISI International*, plaintiff brought suit against a Canadian law firm alleging that the firm sent false and misleading letters to plaintiff's business partners. This court dismissed for lack of personal jurisdiction. *Id.* at 552. The Seventh Circuit reversed holding that the district court had jurisdiction but remanded for consideration of *forum non conveniens*. *Id.* at 553. *ISI International* does not hold, or even discuss, the degree of weight to be afforded to the location a business's reputation in a convenience determination.

Thill and Thill Media are located in Missouri. Bowman is located in New Jersey but is a former resident of Missouri. Bowman's alleged actions giving rise to the claims occurred in Missouri. Ascend is located in Kansas, less than twenty miles from ENN's and Thill Media's offices. The products in this case were developed in Missouri. Any confusing or misleading statements made by defendants originated in Missouri or Kansas. The competing business that Thill established is located in Missouri. Further, the property that Thill allegedly wrongfully retained and misappropriated is located in Missouri. These factors strongly favor transfer because documents and

witnesses regarding defendants' activities are factual elements central to plaintiff's trademark infringement claims. *Matweld, Inc. v. Portaco, Inc.*, No. 04 C 1273, 2004 WL 1403696, at *2 (N.D. Ill. June 23, 2004); *S.C. Johnson & Son, Inc.*, 2005 WL 1838512, at *2. Based on this record, the situs of material events favors transfer to the Western District of Missouri.

### c. Access to Sources of Proof

The location of a party's documents and records is usually not a very persuasive reason to transfer a case. *Photogen, Inc. v. Wolf*, No. 00 C 5841, 2001 WL 477226, at *5 (N.D. Ill. May 7, 2001) (citation omitted). All documents necessary to present both sides of the case can easily be transported to either venue. *Hanley v. Omarc, Inc.*, 6 F. Supp. 2d 770, 775 (N.D. Ill. 1998). Accordingly, this factor carries little weight. Plaintiffs have already subpoenaed documents in Missouri. Thill Mot. at Ex. C. The majority of relevant documents will be in Thill's possession and are located in Missouri. The relative ease of access to sources of proof slightly favors transfer to the Western District of Missouri.

### d. Convenience of Witnesses

Witness convenience is the most important factor in determining whether transfer is appropriate. *Confederation Des Brasseries de Belgiquie*, 2000 WL 88847, at *3. When determining whether a particular venue is more convenient for the witnesses, a court must consider the number of witnesses in each forum; the nature, quality, and importance of the witnesses' testimony with respect to the issues of the case; the expense of transportation and the length of time the witnesses will be absent from their jobs; and whether the witnesses can be compelled to testify. *Id.*; *S.C. Johnson*, 2005 WL 1838512, at *3.

9

Defendants submit evidence establishing that both Missouri and Kansas are more convenient for their witnesses than Illinois. Thill lists seven potential witnesses in its 26(a)(1) disclosures. Thill Mot. at Ex. D. Four of the seven are located in the Western District of Missouri, one is located in the District of Kansas. According to Thill and Thill Media, the witnesses will testify regarding production work performed by ENN and Thill Media; the defendants' relationships with various ENN clients; and the business relationship between Ascend and Thill Media. *Id.* Ascend lists two employees located in Kansas as potential witnesses to testify regarding its relationship with Thill, Thill Media, and ENN. While the location of employee witnesses is generally afforded little weight in the convenience analysis, their location is important in an intellectual property infringement case. *Matweld, Inc.*, 2004 WL 1403696, at *2; *Habitat Wallpaper and Blinds, Inc.*, 807 F. Supp. at 474.

ENN claims that of its 22 individuals likely to have discoverable information, ten reside in Illinois, six reside in Missouri and four reside in Kansas. Plaintiffs Mot. at p. 2. Three of the witnesses are ENN's clients, whom defendants allegedly solicited. *Id.* at p. 6. Although plaintiffs list their 26(a)(1) disclosures as an exhibit, they fail to attach the disclosures to their response. Therefore, the court is unable to ascertain the nature and quality of ENN's remaining witnesses or where the additional witnesses are located.

Based on this record, witnesses must travel regardless of the district. It appears that a greater number of witnesses with testimony important to the events are located in Missouri. Moreover, the witnesses located in Kansas are within the Western District of Missouri's subpoena power. Witness convenience weighs in favor of transfer to the Western District of Missouri.

### e. Convenience of the parties

The court also considers the convenience of the parties in its § 1404(a) determination. Specifically, the parties' respective residences and their ability to bear the costs of litigating in a particular forum are considered. *Avesta Sheffield v. Olympic Continental Resources, L.L.C.*, No. 99 C 7647, 2000 WL 198462, at *7 (N.D. Ill. Feb. 14, 2000). Transfer is inappropriate if it merely shifts the balance of inconvenience between the parties. *S.C. Johnson*, 2005 WL 1838512, at *4. The parties fail to offer evidence regarding their inability to litigate in each forum. Although ENN is an Illinois corporation with its principal place of business in Barrington, it maintained an office and operations in Kansas City, Missouri. Lynam resides in Wisconsin. Defendants reside in Kansas, Missouri, and New Jersey. Party convenience is neutral.

### 2. Interests of Justice

The court must consider whether transfer is in the interests of justice. This analysis focuses on the efficient functioning of the courts, rather than the private interests of the litigants. *TIG Ins. Co. v. Brightly Galvanized Products, Inc.*, 911 F. Supp. 344, 346 (N.D. Ill. 1996). In determining the interests of justice, the court considers traditional notions of judicial economy, such as (1) relations of the community to the issues; (2) ensuring a speedy trial; and (3) the respective court's familiarity with the applicable law. *Matweld, Inc.*, 2004 WL 1403696, at *3.

#### a. Relation of the community to the issues

Plaintiffs request injunctive relief. Specifically, plaintiffs ask the court to: enjoin defendants from using the ENN mark; order that all materials bearing the ENN mark in defendants' possession be returned or destroyed; enjoin defendants from using any mark similar to ENN; enjoin defendants from informing clients that plaintiffs are having any business difficulties; and order defendants to return all plaintiffs' program materials and other property. Plaintiffs also seek a declaratory judgment

11

that the cross-purchase agreement requires Thill to sell his shares at the price he originally paid. If injunctive relief is granted, enforcement would primarily be required in Missouri. Thus, this factor favors transfer to the Western District of Missouri. *Matweld, Inc.*, 2004 WL 1403696, at *3 (venue transferred to District of Minnesota where injunctive and monetary relief against defendant required enforcement in Minnesota); *Law Bulletin Publishing Co. v. LRP Publications, Inc., et al.*, 992 F.Supp. 1014 (N.D. Ill. 1998) (Florida better forum to enforce and monitor any injunctive relief because Florida would be "closer to the action") (citations omitted).

### b. Likelihood of a speedy trial

The court also considers the speed cases proceed to trial. *See Celozzi v. Boot*, No. 00 C 3285, 2000 WL 1141568, at *8 (N.D. Ill. Aug. 11, 2000). Ascend submits evidence showing the median time to trial in civil actions in the Northern District of Illinois is 28.4 months, six months longer than the District of Kansas (22.7 months). The Western District of Missouri has an even shorter median time to trial, 21. 5 months. Therefore, the likelihood of a speedy trial favors transfer to the Western District of Missouri.

### c. Familiarity with applicable law

Plaintiffs' amended complaint contains numerous counts under the Lanham Act, the Illinois Deceptive Trade Practices Act, Illinois Trademark Dilution Act, and common law. The three districts are equally capable of resolving the federal claims. The Northern District of Illinois is more familiar with Illinois law, which governs the Illinois statutory and common law claims as well as the cross-purchase agreement. Courts, however, are often called upon to decide substantive legal questions based upon another state's laws. *TruServ Corp.*, 6 F. Supp. 2d at 794; *Plotkin v. IP Axess, Inc.*, 168

F. Supp. 2d at 905. Although this factor disfavors transfer, based on the overall record, transfer to the Western District of Missouri is in the interests of justice.

## CONCLUSION

For the foregoing reasons, defendants' motions to dismiss are denied. Ascend's motion to transfer venue to the District of Kansas is denied. Thill, Thill Media, and Bowman's motion to transfer venue to the Western District of Missouri is granted.

ENTER:

November 2, 2005

Suzanne B. Conlon
United States District Judge